UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TURNKEY PRODUCTS, LLC, | ) | CASE NO. 15-10411 |
| | ) | |
| | ) | |
| Debtor. | ) | |

## EMERGENCY MOTION FOR AUTHORITY TO PAY EMPLOYEES SALES COMMISSIONS IN THE ORDINARY COURSE OF BUSINESS

**NOW COMES** Turnkey Products, LLC, Debtor-in-Possession (hereinafter "Turnkey", "Debtor" or "Debtor Corporation"), by and through its undersigned counsel, respectfully moves the Court for entry of an order authorizing it to pay sales commissions to its multi-lined, independently contracted salespeople currently scheduled for payment on April 20, 2015, and all sales commissions thereafter in the ordinary course of business. In support thereof, the Debtor represents:

1. On April 17, 2015, the Debtor filed a voluntary petition for relief under Title 11 Chapter 11 of the United States Bankruptcy Code.

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

3. Turnkey has been in business since 1998, designing and importing home office furniture from China and Viet Nam. Turnkey sells its products to furniture retailers across the United States through multi-lined, independently contracted salespeople or sales groups (collectively "Salespeople"). Shipments of products are made directly to retailers from Turnkeys' Asia source factories via full direct container shipments. Additionally, Turnkey warehouses finished goods at Zenith Global Logistics located in Conover, NC, Riverside, CA, and Indianapolis, IN. These inventories are purchased by retailers purchasing less than container load shipments. Turnkey maintains two trade only showrooms in High Point, NC and in Las Vegas, NV. Turnkeys assets consist of inventory and accounts receivable.

4.     The Debtor's Salespeople are multi-lined, meaning they represent multiple furniture importers when selling products to retailers. Their commissions are generally calculated at 5% of any net sale. Their earned commissions are paid on the 20th of each month following the month said commissions are earned.

5.     Prior to the Petition Date, the Debtor paid its Salespeople for commissions earned through February, 2015. Debtor currently owes 10 Salespeople a total of $16,978.97 of earned commissions for the month of March, 2015, that is due and payable on April 20, 2015. A detailed list of those Salespeople and the amounts owed to each are set forth on the attached Exhibit A and incorporated herein by reference.

6.     In order to ensure the integrity of the ongoing business operations, it is essential that the Debtor be authorized to pay earned commissions to its Salespeople as such obligations come due in the ordinary course of its business. No one Salespersson will receive a commission payment in excess of $5,055.26 for commissions earned in March, 2015. All Salespeoples commissions would constitute priority claims under the provisions of § 507 of the Bankruptcy Code. Should the Debtor fail to make its' regularly scheduled monthly commissions payment, in amounts properly due, the Debtor would suffer a loss of representation in the field which would adversely effect the Debtor's business operations and prospects for successful reorganization.

7.     In light of the damaging effect of the failure of the Debtor to honor its commission payments to Salespeople in full, the Debtor respectfully requests that the Court enter an Order, ex parte, or after an expedited hearing, authorizing it to fund in full its commission payment obligations due and payable on and before April 20, 2015.

WHEREFORE, the Debtor respectfully prays unto the Court as follows:

1.     For entry of an Order, or upon expedited hearing, approving and authorizing the Debtor to make commission payments required to be paid on or prior to April 20, 2015;

2.     For entry of an Order, or upon expedited hearing, approving and authorizing the Debtor to pay commissions thereafter in full;

3.     That said commission be funded in the normal course of the Debtor's business through it normal payment method; and

4.     For such other and further relief as the Court deems just and proper.

This the 17th day of April, 2015.

/s/Charles M. Ivey, III
Charles M. Ivey, III
NCSB # 8333
Attorney for Debtor-in-Possession

/s/Dirk W. Siegmund
Dirk W. Siegmund
NCSB # 20796
Attorney for Debtor-in-Possession

OF COUNSEL:
IVEY, McCLELLAN, GATTON & SIEGMUND, L.L.P.
P. O. Box 3324
Greensboro, North Carolina 27402
Telephone: 336/274-4658

## VERIFICATION

Richard Olmeda, being first duly sworn, deposes and says:

THAT he is the President of Cramer Wood Products, Inc. and that he has read the foregoing MOTION FOR AUTHORITY TO PAY EMPLOYEES SALES COMMISSIONS IN THE ORDINARY COURSE OF BUSINESS and knows the contents thereof, and that the facts set forth in the same are true to the best of his knowledge and belief, save and except matters and things alleged herein upon information and belief, and as to such matters, he believes them to be true.

THIS the 17th day of April, 2015.

_____
Richard Olmeda, Affiant


NORTH CAROLINA

GUILFORD COUNTY


SWORN to and subscribed before me, this the 17th day of April, 2015 by Richard Olmeda.

_____
Notary Public

Melissa Martiere
_____

My Commission Expires: 1/25/17

(SEAL)

MELISSA MARTIERE
NOTARY PUBLIC
GUILFORD COUNTY, NC

**Exhibit A**

| Sales Person/Group | Amount Due (March, 2015) |
|---|---|
| Albin Grunder | $ 241.60 |
| AP World Marketing | $ 1,883.20 |
| Bily Worsham | $ 1,605.85 |
| David Cline | $ 720.72 |
| Mike Schwartz | $ 224.85 |
| Ron Kellgren | $ 1,978.93 |
| Tom Boyle | $ 5,055.26 |
| Roy Sameki | $ 2,351.85 |
| The Dynamix Goup, Inc. | $ 428.38 |
| West Coast Sales & Marketing | $ 2,488.33 |
| **TOTAL** | **$ 16,978.97** |